**VORYS, SATER, SEYMOUR AND PEASE LLP**
Thomas N. McCormick (SBN 325537)
 *tnmccormick@vorys.com*
Jocelyn M. Hoffman (SBN 332297)
 *jmhoffman@vorys.com*
4675 MacArthur Court, Suite 700
Newport Beach, CA 92660
Telephone: (949) 526.7903
Facsimile: (949) 526.7903

Attorneys for Defendant BLUE BOTTLE
COFFEE, LLC

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA GREELEY, MARK HERNANDEZ, individually, and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE BOTTLE COFFEE, LLC and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>Removed from San Francisco Superior Court; Case No. CGC-23-610084<br><br>**DEFENDANT BLUE BOTTLE COFFEE, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Action Filed: October 30, 2023<br>Trial Date: None Set<br>Removal Date: January 3, 2024 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFFS REBECCA GREELEY, MARK HERNANDEZ, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Blue Bottle Coffee, LLC ("Defendant" or "Blue Bottle") hereby removes the above-captioned action from the Superior Court for the State of California, County of San Francisco, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d) and 1446. A Memorandum in Support of this Notice of Removal is attached hereto.

As required by 28 U.S.C. § 1446(d), Defendant will file in Superior Court, and serve upon Plaintiffs Rebecca Greeley and Mark Hernandez ("Plaintiffs") and their counsel of record, a Notice to Superior Court of Removal of Civil Action to Federal Court (with these removal

1    papers attached).

2

3    DATED:  January 3, 2024                    VORYS, SATER, SEYMOUR AND
                                               PEASE LLP
4

5                                              By:  /s/ Jocelyn M. Hoffman
6                                                    Jocelyn M. Hoffman

7                                              Attorneys for Defendant
                                               BLUE BOTTLE COFFEE, LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF REMOVAL

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. 4

PROCEDURAL HISTORY .............................................................................................. 1

I.     STATEMENT OF JURISDICTION ..................................................................... 1

II.    TIMELINESS OF REMOVAL ............................................................................ 1

III.   VENUE .................................................................................................................. 2

IV.    PROCEDURAL REQUIREMENTS ..................................................................... 2

V.     DEFENSES ........................................................................................................... 2

VI.    REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT ......................... 2

      A.    Plaintiffs' Action is Pled as a Class Action ............................................. 2

      B.    The Proposed Class Contains at Least 100 Members ............................. 2

      C.    There is Diversity Between at Least One Putative Class Member and
       One Defendant .......................................................................................... 3

      D.    The Amount in Controversy Exceeds $5,000,000 .................................. 4

           1)    Failure to Provide Meal Periods and Rest Breaks and Failure to
             Pay for Non-Compliant Meal Periods and Rest Breaks ................. 6

           2)    Failure to Pay Minimum Wage ............................................................. 8

           3)    Failure to Pay All Wages Upon Separation of Employment ................ 9

           4)    Failure to Pay Overtime ...................................................................... 10

           5)    Failure to Furnish Accurate Wage Statements ................................... 12

           6)    Attorneys' Fees .................................................................................... 13

VII.   CONCLUSION ................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Altamirano v. Shaw Indus.*, No. C-13-0939 EMC, 2013 U.S. Dist. LEXIS 84236 (N.D. Cal. June 14, 2013).................................................................................................. 10

*Archuleta v. Avcorp Composite Fabrication, Inc.*, No. CV 18-8106 PSG (FFMx), 2018 U.S. Dist. LEXIS 206495 (C.D. Cal. Dec. 6, 2018)................................................. 10

*Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 U.S. Dist. LEXIS 170464 (N.D. Cal. Dec. 9, 2014)............................................................................................... 11

*Campbell v. Vitran Express, Inc.*, 471 Fed. App'x 646 (9th Cir. 2012) ......................... 5

*Coleman v. Estes Express Lines*, Inc., 730 F. Supp. 2d 1141 (C.D. Cal. 2010)........................... 7

*Danielsson v. Blood Ctrs. of the Pac.*, No. 19-cv-04592-JCS, 2019 U.S. Dist. LEXIS 222539 (N.D. Cal. Dec. 30, 2019) ............................................................... 11

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) ................................. 5

*Dawsey v. Travelers Indem. Co.*, No. 3:15-cv-05188, 2015 U.S. Dist. LEXIS 93051 (W.D. Wa. July 16, 2015) ...................................................................... 13

*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150 (9th Cir. 1998) ................................... 13

*Garcia v. Wal-Mart Stores*, No. CV 16-01645-BRO, 2016 U.S. Dist. LEXIS 142807 (C.D. Cal. Oct. 14, 2016) ..................................................................... 13

*Garibay v. Archstone Communities LLC*, 539 F. App'x 763 (9th Cir. 2013)........................... 13

*Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 U.S. Dist. LEXIS 60143 (N.D. Cal. Apr. 30, 2012)........................................................................... 7

*Gipson v. Champion Home Builders, Inc.,* No. 1:20-cv-00392-DAD-SKO, 2020 U.S. Dist. LEXIS 127563 (E.D. Cal. July 20, 2020)............................................. 12

*Gonzalez v. Comenity Capital Bank*, No. 1:19-cv-00342, 2019 U.S. Dist. LEXIS 181977 (E.D. Cal. Oct. 21, 2019)................................................................ 10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998)........................................... 13

*Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193 (9th Cir. 2015)...................................... 5

*Kastler v. Oh My Green, Inc.*, No. 19-CV-02411-HSG, 2019 U.S. Dist. LEXIS 185484 (N.D. Cal. Oct. 25, 2019) ...................................................................... 11

*Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199 (E.D. Cal. 2008) ................................ 5

*Lew v. Moss*, 797 F.2d 747 (9th Cir. 1986) ....................................................... 3

*Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK (JCx), 2015 U.S. Dist. LEXIS 67212 (C.D. Cal May 21, 2015)......................................................... 6

*Muniz v. Pilot Travel Ctrs.*, No. CIV. S-07-0325 FCD EFB, LLC, 2007 U.S. Dist. LEXIS 31515 (E.D. Cal. Apr. 30, 2007) ........................................................................ 7

*Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998) ...................................... 4

*NewGen LLC v. Safe Cig, LLC*, 840 F.3d 606 (9th Cir. 2016) .................................... 3

*Oda v. Gucci Am.*, Inc., No. 2:14-cv-7468-SVW (JPRx), 2015 U.S. Dist. LEXIS 1672 (C.D. Cal. Jan. 7, 2015) ................................................................................................ 5

*Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975 (9th Cir. 2013) ............................ 4

*Rojas-Cifuentes v. ACX Pac. Nw,, Inc.*, No.2:14-cv-00697, 2016 U.S. Dist. LEXIS 147760 (E.D. Cal. Oct. 24, 2016) .............................................................................. 8

*Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. LEXIS 55667 (C.D. Cal. Apr. 28, 2015) ................................................................................ 7

*Van v. Language Line Servs.*, No. 14-cv-03791, 2016 U.S. Dist. LEXIS 73510 (N.D. Cal. June 6, 2016) ......................................................................................................... 8

*Wheatley v. MasterBrand Cabinets, LLC*, No. EDCV 18-2127 JGB (SPx), 2019 U.S. Dist. LEXIS 26201 (C.D. Cal. Feb. 19, 2019) ................................................. 10, 12

**Statutes**

28 U.S.C. § 1332(d) ....................................................................................... 1, 4, 14

28 U.S.C. § 1332(d)(1)(B) ..................................................................................... 2

28 U.S.C. § 1332(d)(2)(A) ................................................................................... 3, 4

28 U.S.C. § 1332(d)(5)(B) ..................................................................................... 3

28 U.S.C. § 1441(a) ............................................................................................... 2

28 U.S.C. § 1441(b)(1) .......................................................................................... 4

28 U.S.C. § 1446 ................................................................................................... 1

28 U.S.C. § 1446(a) ....................................................................................... 2, 4, 5

28 U.S.C. § 1446(b) ............................................................................................... 1

28 U.S.C. § 1446(d) ............................................................................................... 2

Cal. Code of Civ. Proc. § 382 ............................................................................... 2

Cal. Labor Code § 1194 ...................................................................................... 10

Cal. Labor Code § 200 ........................................................................................ 10

Cal. Labor Code § 201 .......................................................................................... 9

Cal. Labor Code § 203(a) ..................................................................................... 9

DEFENDANT'S NOTICE OF REMOVAL

Cal. Labor Code § 226(a) ........................................................................................ 12

Cal. Labor Code § 226(e) ........................................................................................ 12

Cal. Labor Code § 510 ........................................................................................ 10, 11

DEFENDANT'S NOTICE OF REMOVAL

In support of this Notice of Removal, Defendant states as follows:

## PROCEDURAL HISTORY

1. Plaintiffs filed their Complaint, captioned *Rebecca Greeley, Mark Hernandez, individually and on behalf of other members of the general public similarly situated v. Blue Bottle Coffee, LLC and Does 1 through 50, inclusive*, Case No. CGC-23-610084, in the Superior Court for the State of California and for the County of San Francisco (the "State Court Action") on October 30, 2023.  A true and correct copy of the Complaint in the State Court Action (the "Complaint") is attached hereto as **Exhibit 1**.

2. The Summons and Complaint were served on Defendant's statutory agent by process server on December 4, 2023, pursuant to California Corporations Code section 17701.16.  *See* Service of Process Transmittal Summary in **Exhibit 1**.

3. Defendant filed an answer to Plaintiffs' Complaint on January 2, 2024. ("Answer").  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit 2**.

### I.    STATEMENT OF JURISDICTION

4. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. § 1332(d).  In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of 100 or more putative class members is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs.  CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all of CAFA's requirements for removal, and is timely and properly removed by the filing of this Notice of Removal.

5. CAFA applies to actions that were "commenced" on or after February 18, 2005.  Because the State Court Action was filed on October 30, 2023, it was "commenced" on or after February 18, 2005, and removal is proper under CAFA.

### II.    TIMELINESS OF REMOVAL

6. Pursuant to 28 U.S.C. § 1446(b), Defendant filed this Notice of Removal within thirty (30)

DEFENDANT'S NOTICE OF REMOVAL

days after service of the Summons and Complaint was complete.  *See* **Exhibit 1**.

## III.    VENUE

7.  Plaintiffs originally filed this action in the Superior Court for the State of California, County of San Francisco.  *See* **Exhibit 1**.  Venue is thus proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action is pending.

## IV.    PROCEDURAL REQUIREMENTS

8.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached to this Notice of Removal.[1]  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Superior Court for the State of California, County of San Francisco.

## V.    DEFENSES

9.  The removal of this action to the Northern District of California does not waive Blue Bottle's ability to assert any defense to this action.

## VI.    REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

### A.  Plaintiffs' Action is Pled as a Class Action.

10. Under CAFA, "'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

11. The State Court Action has been styled as a class action, pursuant to California Code of Civil Procedure section 382.  *See, e.g.*, Complaint at ¶ 1.  California Code of Civil Procedure section 382 authorizes an action to be brought by one or more representative persons as a class action.  *See* Cal. Code Civ. Proc. § 382.

### B.  The Proposed Class Contains at Least 100 Members.

12. Under 28 U.S.C. § 1332(d)(5)(B), district courts will have original jurisdiction over a class

---

[1] In conformity with the requirement of 28 U.S.C. § 1446(a) that copies of all process, pleadings and orders served upon Defendant in the State Court Action be included with this Notice of Removal, with the exception of those documents already attached as Exhibits 1 and 2, the State Court Action case file is attached hereto as **Exhibit 3**. The Notice to the Superior Court of Removal to be filed contemporaneously herewith is contained in **Exhibit 3**.

DEFENDANT'S NOTICE OF REMOVAL

1    action case under CAFA if the number of members of the putative plaintiff class is no less
2    than 100.

3    13. This requirement is met here.  The Complaint proposes the following class: "Plaintiffs and
4    all other individuals who are or have been employed as 'Café Leaders' or the functional
5    equivalent, however titled, by Defendant in California during the four years prior to the filing
6    of this action ('Leaders' or 'Class Members')."  Complaint at ¶ 2.

7    14. According to this proposed class definition, there are approximately 105 putative Class
8    Members.  *See* Declaration of Kim Foreman ("Foreman Decl."), attached hereto as **Exhibit
9    4**, at ¶ 6.  Thus, the number of members of the putative class is sufficient to meet CAFA's
10    requirement for removal to federal court.

11    **C. There is Diversity Between at Least One Putative Class Member and One
12    Defendant.**

13    15. CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class
14    of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).
15    Minimal diversity of citizenship exists here because Plaintiffs and Blue Bottle are citizens of
16    different states.

17    16. Allegations regarding a plaintiff's place of employment in a state court complaint can create
18    a rebuttable presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797
19    F.2d 747, 750-51 (9th Cir. 1986) (holding plaintiff's place of employment can establish
20    domicile for the purpose of diversity jurisdiction).

21    17. Plaintiffs both allege that they were employed by Blue Bottle as Café Leaders in California.
22    *See* Complaint at ¶¶ 5-6. Therefore, Plaintiffs are citizens of the State of California. *See Lew*,
23    797 F.2d at 750.

24    18. Conversely, Defendant Blue Bottle Coffee, LLC is not a citizen of California.  For diversity
25    purposes, a limited liability company is a citizen of the state of citizenship of each of its
26    members.  *NewGen LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016).

27    19. Defendant Blue Bottle Coffee, LLC is a limited liability company.  Foreman Decl. at ¶ 3.
28    The sole member of Blue Bottle is Nestlé USA, Inc.  *Id.*  Nestlé USA, Inc. is a corporation

organized under the laws of the State of Delaware, with its principal place of business in the State of Virginia.  *Id.*

20. The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.").

21. Accordingly, Plaintiffs are citizens of a state different from Blue Bottle, and diversity therefore exists for federal jurisdiction under CAFA.  *See* 28 U.S.C. §§ 1332(d)(2)(A).

**D.  The Amount in Controversy Exceeds $5,000,000.[2]**

22. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, in addition the other factors mentioned above, the amount in controversy for all putative class members exceeds $5,000,000.  *See* 28 U.S.C. § 1332(d).

23. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).

24. Plaintiffs' Complaint is silent as to the total amount in controversy.  Plaintiffs' failure to plead a specific amount of damages does not deprive this Court of jurisdiction.  Rather, when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal "must prove by a preponderance of the evidence that the amount in controversy requirement has been met."  *See Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975, 977 (9th Cir. 2013) ("[T]he proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.").

25. Meeting the preponderance of the evidence standard is not onerous and does not obligate a

---

[2]  Blue Bottle provides the following calculations only to demonstrate that the amount in controversy exceeds $5,000,000 for purposes of obtaining jurisdiction under CAFA.  Blue Bottle makes no admission of liability or damages with respect to any aspect of this case, nor does Blue Bottle waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiffs prevail on any of their claims.

1    removing defendant to "research, state, and prove the plaintiff's claims for damages." *Korn*

2    *v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).  Rather, "[t]he

3    'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not

4    what a defendant will *actually* owe." *Id.*  In determining the amount in controversy for

5    CAFA, all potential damages based on the claims in the complaint, as well as attorneys' fees,

6    are included.  *See Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012)

7    (in measuring the amount in controversy, a court "must assume that the allegations of the

8    complaint are true and assume that a jury will return a verdict for the plaintiff on all claims

9    made in the complaint") (quotations and citations omitted).

10   26. The United States Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*,

11   574 U.S. 81, 89 (2014), recognized that "as specified in §1446(a), a defendant's notice of

12   removal need include only a plausible allegation that the amount in controversy exceeds the

13   jurisdictional threshold."  Only if the plaintiff contests or the court questions the allegations

14   of the notice of removal, is supporting evidence required.  *See id.*  Otherwise "the defendant's

15   amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-

16   controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at

17   87.

18   27. In establishing the amount in controversy, a removing party is entitled to make reasonable

19   assumptions.  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) ("[The removing

20   party] bears the burden to show that its estimated amount in controversy relied on reasonable

21   assumptions."); *see also Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx), 2015 U.S.

22   Dist. LEXIS 1672, at *10 (C.D. Cal. Jan. 7, 2015) ("Where, as here, a plaintiff makes

23   generalized allegations regarding the frequency of violations, a defendant may calculate the

24   amount in controversy based on reasonable assumptions.").

25   28. Moreover, Congress intended that any uncertainty of the removability of an interstate class

26   action be resolved in favor of federal jurisdiction.  *See* Senate Judiciary Committee Report,

27   S. REP. 109-14, at 42 ("[I]f a federal court is uncertain about whether 'all matters in

28   controversy' in a purported class action 'do not in the aggregate exceed the sum or value of

$5,000,000,' the court should err in favor of exercising jurisdiction over the case.").

29. In sum, Defendant denies the validity and merits of Plaintiffs' claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, the amount in controversy as alleged by Plaintiffs in this case exceeds $5,000,000.

### 1) Failure to Provide Meal Periods and Rest Breaks and Failure to Pay for Non-Compliant Meal Periods and Rest Breaks.

30. In their third and fourth causes of action, Plaintiffs allege that they and the Class Members were not given proper meal periods and rest breaks, as well as not paid one hour of pay at their regular rate of compensation for each workday that the required meal period was not provided. *See* Complaint at ¶¶ 40-49.

31. Plaintiffs allege that they and the Class Members are entitled to additional wages and damages due to Defendant's purported meal period and rest break violations. *See id.* at ¶¶ 45, 49.

32. Plaintiffs allege that Blue Bottle "maintained and enforced policies and/or practices pursuant to which Plaintiffs and Class Members" were required to work during meal periods and not authorized and permitted to take legally compliant rest breaks. *Id.* at ¶¶ 44, 48. Plaintiffs also allege that Blue Bottle entirely failed to "pay Plaintiffs and Class Members the wages due for missed meal periods." *Id.* at ¶ 44.

33. Plaintiffs allege that Blue Bottle's maintenance and enforcement of these policies and practices was due to Blue Bottle's misclassification of Café Leaders as exempt employees. *See id.* at ¶¶ 44, 48.

34. Numerous courts have held that assuming a 100% violation rate is permissible for determining the amount in controversy when a Complaint does not contain more detailed allegations that would suggest such an assumption is incorrect. *See, e.g.*, *Mejia v. DHL Express (USA), Inc*., No. CV 15-890-GHK (JCx), 2015 U.S. Dist. LEXIS 67212, at *4 (C.D. Cal. May 21, 2015) (using a 100% violation rate to calculate the amount in controversy where the plaintiff's complaint did "not contain any allegations that suggest a 100% violation rate

is an impermissible assumption"); *Muniz v. Pilot Travel Ctrs.*, No. CIV. S-07-0325 FCD EFB, LLC, 2007 U.S. Dist. LEXIS 31515, at *4 (E.D. Cal. Apr. 30, 2007) ("[P]laintiff includes no fact-specific allegations that would result in a . . . violation rate that is discernibly smaller than 100% . . . . Plaintiff is the master of her claims, and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought."); *see also Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 U.S. Dist. LEXIS 60143, at *9 (N.D. Cal. Apr. 30, 2012) (allegations of "routine" violations supported assumption of 100% violation rate).

35. Here, there is a good faith basis for assuming a 100% violation rate. Plaintiffs allege that, because they and the Class Members were misclassified as exempt, Defendant systematically denied them meal periods, rest breaks, and premium pay. *See* Complaint at ¶¶ 44, 48. In other words, Plaintiffs allege that, because Defendant classified Plaintiffs and the Class Members as exempt employees—who are not entitled to meal periods and rest breaks under the law—they **never** provided the Plaintiffs and Class Members with meal periods, rest breaks, or premium pay. Thus, Defendant will assume that Café Leaders were denied five (5) meal periods per week, and five (5) rest breaks per week. This totals ten (10) violations per workweek per Café Leader.[3] Because Blue Bottle Café Leaders are paid biweekly (and have been paid biweekly at all times during the Class Period),[4] this equates twenty (20) violations per wage statement.

36. Additionally, Defendant will use the average hourly rate of the Blue Bottle putative class to calculate the damages. *Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 U.S. Dist. LEXIS 55667, at *11 (C.D. Cal. Apr. 28, 2015) ("Defendant's use of an average hourly wage was proper for determining the amount in controversy."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1150 (C.D. Cal. 2010) ("[I]t is 'preferable for defendants to calculate the average hourly wage based on the average wage of all class

---

[3] Defendant is basing its calculations on a workweek in which each Café Leader works a total of forty (40) hours, with five (5) shifts that are each eight (8) hours in length.

[4] Foreman Decl. at ¶ 9.

DEFENDANT'S NOTICE OF REMOVAL

1   members'" (internal quotation and citation omitted).).

2   37. The average annual salary of Blue Bottle's California Café Leaders for the period from

3   October 30, 2019 to the present is $70,000. *See* Foreman Decl. at ¶ 7. Assuming that Blue

4   Bottle Café Leaders worked 40 hours per workweek, and 50 workweeks each year, the

5   average hourly rate for a California Blue Bottle Café Leader during the relevant period is

6   $35. *See id.* Additionally, there were approximately 10,290 pay periods for Blue Bottle's

7   California Café Leaders from October 30, 2019 to the present. [5] *See id.* at ¶ 9.

8   38. As specified above, for amount in controversy calculation purposes, Defendant will assume

9   5 meal period and 5 rest break violations per workweek (totaling 10 violations), which

10   amounts to a total of 20 violations per pay period. Thus, that equals 205,800 violations (20

11   total violations multiplied by 10,290 pay periods).

12   39. Multiplying the assumed meal and rest break violations by the average hourly earnings for

13   the putative class, the third and fourth causes of action equal **$7,203,000** in controversy

14   (205,800 violations multiplied by the $35 average hourly wage).

15          **2) Failure to Pay Minimum Wage**

16   40. For their second cause of action, Plaintiffs allege that they and the Class Members were not

17   at all times paid the minimum wage due to Blue Bottle's "policies and/or practices" with

18   regard to compensating California Café Leaders. Complaint at ¶ 35. Plaintiffs also allege

19   that they and the Class Members "frequently" perform work "for which they are compensated

20   below the statutory minimum [wage]." *Id.*

21   41. Based on the foregoing case law, and in the absence of more specific allegations setting forth

22   how often Plaintiff and the Class Members were allegedly not paid minimum wages,

23   Defendant will assume that Plaintiffs and the putative class were not paid minimum wages

24

25   [5] The statute of limitations for alleged meal period violations is three (3) years. *Rojas-Cifuentes
v. ACX Pac. Nw., Inc.*, No. 2:14-cv-00697, 2016 U.S. Dist. LEXIS 147760, at *9 (E.D. Cal. Oct.
26   24, 2016). However, because Plaintiffs allege a claim under California's Unfair Competition
Law ("UCL"), this period is arguably functionally extended for an additional year, pursuant to
27   the limited procedures and remedies of the UCL. *See id.* at *8-9; *Van v. Language Line Servs.*,
No. 14-cv-03791, 2016 U.S. Dist. LEXIS 73510, at *100-01 (N.D. Cal. June 6, 2016) (meal and
28   rest period payments recoverable under UCL for four-year period). For purposes of removal
only, Defendant assumes that a four-year statute of limitations would apply to Plaintiffs' meal
and rest period claims. Under this assumption, the statutory period begins on October 30, 2019.

8

1   for one (1) hour of their time worked per workweek.

2   42. As set forth above, Blue Bottle pays its California Café Leaders biweekly.  Foreman Decl.

3       at ¶ 9.  Assuming that Plaintiffs and the Class Members are owed minimum wages for 1 hour

4       per workweek, there are two (2) alleged minimum wage violations per wage statement.

5   43. There were approximately 10,290 pay periods (biweekly basis) for all Blue Bottle California

6       Café Leaders employed from October 30, 2019 to the present.  *Id.*  Additionally, the average

7       hourly rate for Blue Bottle California Café Leaders from October 30, 2019 to the present is

8       $35.  *Id.* at ¶ 7.

9   44. Based on a total of 20,580 alleged minimum wage violations (10,290 wage statements x 2

10      violations per wage statement), Plaintiffs' second cause of action places a total amount of

11      **$720,300** in controversy (20,580 total minimum wage violations multiplied by the $35

12      average hourly wage).

13  45.  The Complaint also seeks liquidated (double) damages (*see* Complaint at ¶ 39), which puts

14      the total amount in controversy for Plaintiffs' second cause of action at **$1,440,600**.

### 3)  Failure to Pay All Wages Upon Separation of Employment

16  46. Plaintiffs' sixth cause of action is for the alleged failure to timely pay wages upon separation

17      within the required timeframe, pursuant to California Labor Code section 201, *et seq*.

18      Complaint at ¶¶ 58-67.  Each separated employee is entitled to be paid her normal daily

19      wages for every day the wages are late, up to a 30-day maximum.  Cal. Lab. Code § 203(a);

20      *see also* Complaint at ¶ 62.

21  47. Plaintiffs plead that "[s]ome of the Class Members, including Plaintiffs, left their

22      employment with Defendant during the statutory period, at which time Defendant owed them

23      unpaid wages," and allege that these wages "went unrecorded and/or uncompensated."

24      Complaint at ¶ 63.  Further, Plaintiffs plead that these wages remain unpaid, and ask for the

25      statutory maximum.  *See id.* at ¶¶ 64, 66.

26  48. Similar to the third and fourth causes of action above, courts have routinely held that up to a

27      100% violation rate is reasonable.  Thus, courts have held that calculating penalties for the

28      full 30-day maximum is appropriate.  *See, e.g.*, *Altamirano v. Shaw Indus*., No. C-13-0939

EMC, 2013 U.S. Dist. LEXIS 84236, at *34 (N.D. Cal. June 14, 2013) ("[A]warding penalties for the entire 30 pay [*sic*] period is reasonable."); *see also Gonzalez v. Comenity Capital Bank*, No. 1:19-cv-00342, 2019 U.S. Dist. LEXIS 181977 (E.D. Cal. Oct. 21, 2019) (holding that the court may consider maximum statutory penalty because the plaintiff specified and asked for the statutory maximum in the complaint). Here, as in *Gonzalez*, Plaintiff seeks the maximum statutory penalty. *See* Complaint at ¶ 66. Thus, Defendant will assume a 100% violation rate.

49. For purposes of calculating waiting time penalties, Defendant is using an 8-hour workday. Courts have held, for calculating these penalties, an assumption of an 8-hour workday is reasonable. *See Altamirano*, 2013 U.S. Dist. LEXIS at *34; *see also Archuleta v. Avcorp Composite Fabrication, Inc.*, No. CV 18-8106 PSG (FFMx), 2018 U.S. Dist. LEXIS 206495, at *14 (C.D. Cal. Dec. 6, 2018) (Defendant "conservatively estimate[ed] an eight-hour workday (even though the data showed that the average employee worked 11.65 hours/day)); *see also Wheatley v. MasterBrand Cabinets, LLC*, No. EDCV 18-2127 JGB (SPx), 2019 U.S. Dist. LEXIS 26201, at *17 (C.D. Cal. Feb. 19, 2019) ("[B]ecause Plaintiff does not allege or offer evidence that some class members worked part-time, it is reasonable for Defendant to assume eight-hour shifts.").

50. Defendant will use the average hourly rate of the Plaintiffs and Class Members to calculate the damages. The average hourly rate of a Class Member during the relevant period is $35. *See* Foreman Decl. at ¶ 7. Thus, the applicable average daily wage here is $280 ($35 per hour multiplied by 8 hours), and each putative Class Member separated during the alleged relevant period would be entitled to $8,400 ($280 x 30 days).

51. There are 52 members of the putative class members who were separated during the relevant time period. *Id.* at ¶ 6. Accordingly, $8,400 must be multiplied by 52, equaling **$436,800.**

### 4) Failure to Pay Overtime

52. Plaintiffs' first cause of action alleges failure to pay overtime compensation pursuant to California Labor Code sections 200, 510, and 1194. Complaint at ¶¶ 21-29.

53. Each employee is entitled to be paid one and one-half times her regular rate of pay for time

DEFENDANT'S NOTICE OF REMOVAL

1  worked in excess of eight (8) hours per workday and/or more than forty (40) hours per

2  workweek, and twice her regular rate of pay for time worked in excess of twelve (12) hours

3  per day and/or more than eight (8) hours on any seventh day of a workweek.  Cal. Lab. Code

4  § 510.

5  54. Plaintiffs plead that "Defendant does not properly compensate Plaintiffs and Class Members

6  with appropriate overtime premiums," due to Defendant's misclassification of California

7  Blue Bottle Café Leaders as exempt employees.  *See* Complaint at ¶¶ 22, 27.  Plaintiffs allege

8  that Defendant routinely failed to pay Plaintiffs and the Class Members overtime pay as a

9  result of this "unlawful policy" of improperly classifying California Café Leaders.  *See id.*

10  at ¶ 27.

11  55. Courts in the Ninth Circuit have routinely held that an assumption of one (1) hour of unpaid

12  overtime per week is reasonable, particularly when the complaint alleges a pattern and

13  practice of failing to pay overtime wages.  *Danielsson v. Blood Ctrs. of the Pac.*, No. 19-cv-

14  04592-JCS, 2019 U.S. Dist. LEXIS 222539, at *21 (N.D. Cal. Dec. 30, 2019) ("Courts in

15  this circuit have held that an hour of unpaid overtime per week is a reasonable estimate when

16  the complaint alleges a pattern and practice of failing to pay overtime wages.") (internal

17  quotations omitted) (citing *Kastler v. Oh My Green, Inc.*, No. 19-CV-02411-HSG, 2019 U.S.

18  Dist. LEXIS 185484, at *4 (N.D. Cal. Oct. 25, 2019) and *Arreola v. Finish Line*, No. 14-CV-

19  03339-LHK, 2014 U.S. Dist. LEXIS 170464, at *4 (N.D. Cal. Dec. 9, 2014) ("Where, as

20  here, a proposed class includes all employees during the class period, and the plaintiff pleads

21  that an employer has a regular or consistent practice of violating employment laws that

22  harmed each class member, such an allegation supports a defendant's assumptions that every

23  employee experienced at least one violation once per week.")).

24  56. Technically, the Complaint is silent as to how frequently Defendant purportedly failed to

25  properly pay overtime; therefore, Defendant will assume 1 hour of unpaid overtime per week.

26  57. As noted above, the average hourly rate of Blue Bottle's California Café Leaders from

27  October 30, 2019 to the present is $35.  *See* Foreman Decl. at ¶ 7.  The overtime rate for this

28  1 hour of pay would therefore be approximately $52.50 (which is one and one-half times the

average hourly rate).  As specified above, for calculation purposes, Defendant will assume 1 hour of unpaid overtime per week.  There were approximately 10,290 pay periods (biweekly basis) for Blue Bottle's California Café Leaders from October 30, 2019 to the present.  *Id.* at ¶ 9.  Thus, Blue Bottle assumes 20,580 hours of allegedly unpaid overtime (*i.e.*, two (2) for every wage statement).

58. Multiplying the assumed hours of unpaid overtime by the average hourly overtime earnings for the putative class, the first cause of action equals **$1,080,450** in controversy (20,580 hours of overtime multiplied by the $52.50 average overtime wage).

### 5)  Failure to Furnish Accurate Wage Statements

59. Plaintiffs' fifth cause of action alleges that "Defendant does not provide Plaintiffs and Class Members with accurate itemized wage statements as required by California law."  Complaint at ¶ 51.

60. California Labor Code section 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorneys' fees and costs.  Cal. Lab. Code § 226(a).  Violations are capped at a maximum of $4,000 per employee.  *Id.* § 226(e).

61. Courts have held that a "[d]efendant may reasonably assume every wage statement contained at least one inaccuracy."  *Wheatley*, 2019 U.S. Dist. LEXIS 26201 at *20.  Thus, it is proper to add penalties to each wage statement provided in the relevant time period.

62. During the relevant period, approximately 10,290 wage statements were issued to the approximately 105 putative class members.  *See* Foreman Decl. at ¶ 9.

63. Since the Complaint is silent as to how many inaccurate wage statements were issued, given the allegations that Defendant deprived Plaintiffs and the Class Members of minimum wage, overtime payments, and meal period and rest break premium pay, and the substantial number of wage statements issued to the putative class, it is reasonable to assume up to a 100% violation rate.  *See Gipson v. Champion Home Builders, Inc.*, No. 1:20-cv-00392-DAD-SKO, 2020 U.S. Dist. LEXIS 127563, at *24-26 (E.D. Cal. July 20, 2020) (100% violation rate for

DEFENDANT'S NOTICE OF REMOVAL

wage statement claim reasonable in light of assumption of one rest and one meal break violation per week).

64. Assuming Plaintiffs and the Class Members will be entitled to the statutory maximum of $4,000 for wage statement violations, the total amount in controversy for this claim will be **$420,000**.

### 6) Attorneys' Fees

65. Plaintiffs also seek to recover attorneys' fees. *See, e.g.*, Complaint at ¶¶ 2, 39, 57, 74, Prayer for Relief (p. 17). Under CAFA, attorneys' fees are included in determining the amount in controversy, regardless of whether they are mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *see also Dawsey v. Travelers Indem. Co.*, No. 3:15-cv-05188, 2015 U.S. Dist. LEXIS 93051 at *2-3, 7 (W.D. Wa. July 16, 2015) (calculating both statutory and "reasonable" attorneys' fees to determine the amount in controversy under CAFA). For class action settlements, the Ninth Circuit has found that 25 percent of the common fund is a reasonable attorneys' fees award. *See Dawsey*, 2015 U.S. Dist. LEXIS 93051 at *7 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("benchmark" level for reasonable attorneys' fees in class actions in the Ninth Circuit is 25%)).

66. Therefore, "if Defendant can establish by a preponderance of the evidence that the [amount in controversy is] at least $4 million dollars, the addition of twenty-five percent in attorneys' fees would necessarily meet the $5 million amount in controversy requirement under CAFA." *Garcia v. Wal-Mart Stores*, No. CV 16-01645-BRO, 2016 U.S. Dist. LEXIS 142807, *17-19 (C.D. Cal. Oct. 14, 2016) (citing *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir 2013)).

67. Here, as set forth above, the amount in controversy in Plaintiffs' first, second, third, fourth, fifth, and sixth causes of action in the Complaint may total approximately **$10,580,850** already surpassing the $5,000,000 threshold. Still, a conservative and reasonable estimate of Plaintiffs' attorneys' fees is **$2,645,213**, which is 25% of the total amount in controversy calculated for Plaintiffs' first, second, third, fourth, fifth, and sixth causes of action. Thus, a

DEFENDANT'S NOTICE OF REMOVAL

1    reasonable calculation of the total amount in controversy, based on the allegations in

2    Plaintiffs' Complaint and the data cited herein, is **$13,226,063**.  This is well above the

3    $5,000,000 threshold required by CAFA.  *See* 28 U.S.C. § 1332(d).

4    68. Although Defendant specifically denies Plaintiffs' claims and denies Plaintiffs are entitled to

5    or will recover any of the relief sought, it is clear from the allegations in the Complaint and

6    the scope of the relief sought that the amount in controversy exceeds the $5,000,000

7    jurisdictional threshold of 28 U.S.C. § 1332(d).

8

9    **VII.    CONCLUSION**

10   69. Based on the foregoing, Defendant respectfully requests that the Court remove the above-

11   entitled action to federal court.

12

13    Dated: January 3, 2024                    VORYS, SATER, SEYMOUR AND
                                               PEASE LLP
14

15

16                                             By: */s/ Jocelyn M. Hoffman*
                                                   Jocelyn M. Hoffman
17

18                                             Attorneys for Defendant
                                               BLUE BOTTLE COFFEE, LLC
19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on **January 3, 2024** a true and accurate copy of the foregoing was served on the parties listed below via both regular U.S. mail and email. The parties were served at their email addresses and mailing addresses listed below:

Edward J. Wynne
George R. Nemiroff
WYNNE LAW FIRM
80 E. Sir Francis Drake Blvd., Suite 3G
Wood Island
Larkspur, CA 94939
Email: ewynne@wynnelawfirm.com
        gnemiroff@wynnelawfirm.com


Gregg I. Shavitz
Camar Jones
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Email: gshavitz@shavitzlaw.com
        cjones@shavitzlaw.com



                                        /s/ *Jocelyn M. Hoffman*
                                        Jocelyn M. Hoffman

                                        One of the attorneys for Defendant
                                        BLUE BOTTLE COFFEE, LLC